UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Ankur Thapar,

          Plaintiff

v.

Secretary of Homeland Security, et al.,

          Defendants

Case No. 2:26-cv-00437-CDS-MDC

**Order Granting Defendants'
Motion to Dismiss**

[ECF No. 15]

Plaintiff Ankur Thapar brings this Administrative Procedure Act (APA) action to compel the defendants to adjudicate his pending Form I-485. First am. compl., ECF No. 7. He argues that the U.S. Citizenship and Immigration Services (USCIS) has unreasonably delayed adjudicating the application. *Id.* The federal defendants now move to dismiss Thapar's first amended complaint. Mot., ECF No. 15. The motion is fully briefed. Resp., ECF No. 17; Reply, ECF No. 20.

I.      **Background**

In November 2022, Thapar filed his Form I-485. Thapar decl., ECF No. 17-1. On February 18, 2026, Thapar filed a complaint seeking relief under the Mandamus Act and APA. ECF No. 1. In the original complaint, Thapar asks the court to compel the defendants to adjudicate his pending Form I-360. *Id.* In March, the visa underlying his adjustment of status application was approved. On April 2, 2026, Thapar filed a first amended complaint, which brings a claim under § 706(1) of the APA and asks the court to compel the defendants to adjudicate his I-485 application. ECF No. 7. An interview has been scheduled to take place on July 6, 2026. ISO decl., Defs.' Ex. A, ECF No. 15-1.

## II.   Legal standard

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss based on the court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Here, the plaintiff has the burden of establishing that the court has subject matter jurisdiction. *Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000). A facial attack to the court's jurisdiction pursuant to Rule 12(b)(1) tracks "a motion to dismiss under Rule 12(b)(6)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). So, in "determin[ing] whether the [plaintiff's] allegations are sufficient as a legal matter to invoke the court's jurisdiction," the court "[a]ccept[s] the [plaintiff's] allegations as true and draw[s] all reasonable inferences in the [plaintiff's] favor." *Id.*

## III.   Discussion

### A.   Thapar's claims regarding his Form I-360 are no longer live before the court because they were not reasserted in the first amended complaint.

At the outset, I note that Thapar's FAC supersedes his original complaint. "If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (quotation omitted). Stated otherwise, only the claims asserted (or reasserted) in the amended complaint are considered live before the court. *See id.* Here, the FAC seeks to "supplement[] the original complaint by including a request for adjudication of Plaintiff's Form I-485, in addition to the previously asserted claims regarding Form I-360." ECF No. 7. The conclusory fashion in which Thapar's amended complaint "reasserts" his Form I-360 claims is insufficient to preserve them. Because Thapar's Form I-360 claims are not reasserted in a way that shows a plausible claim for relief, they are no longer live before the court. *See Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). So I do not consider them.

**B. Thapar's first amended complaint is dismissed without prejudice because the alleged delay in USCIS's adjudication of his Form I-485 is not unreasonable under the *TRAC* factors.**

Thapar's FAC seeks injunctive relief. ECF No. 7. Specifically, Thapar asks the court to (1) declare that the defendants have unlawfully withheld and unreasonably delayed adjudication of his Form I-485, (2) order the defendants to adjudicate Thapar's Form I-485 within a reasonable time, and (3) grant any other relief the court deems proper. *Id.* The defendants move to dismiss the first amended complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that the court "lacks jurisdiction to compel the adjudication of I-485 adjustment applications under the jurisdiction-stripping provision of the INA, 8 U.S.C. § 1252(a)(2)(b)(ii)." ECF No. 15.

### 1. The court INA's jurisdiction-stripping statute does not apply to Thapar's APA claims.

Within the Ninth Circuit, district courts are split as to whether the INA's jurisdiction-stripping statute applies to constitutional claims. *See Chairez v. Mayorkas*, 168 F.4th 1227 (9th Cir. 2026). This court sides with those who hold that the statute does *not* apply.

The INA gives the Secretary of Homeland Security discretion, as delegated to USCIS, to grant or deny permanent resident status. 8 U.S.C. § 1255(a). The INA's jurisdiction-stripping statute, 8 U.S.C. § 1252(a)(2)(B), precludes judicial review of this discretionary agency action. *See Patel v. Garland*, 596 U.S. 328, 338–39 (2022); *Garcia v. U.S. Citizenship & Immigr. Servs.*, 146 F.4th 743, 749 (9th Cir. 2025). But Thapar does not challenge the agency's action; rather, he challenges the *speed* at which the agency is taking to act. As such, the court has jurisdiction to review Thapar's APA claim. *See Khan v. Johnson*, 65 F. Supp. 3d 918 (C.D. Cal. 2014) (denying dismissal for lack of subject matter jurisdiction in an action under the APA challenging the government's unreasonable delay in adjudicating the plaintiffs' I-485 application).

### 2. *Thapar fails to state a claim for relief under the APA because the allegations do not show an unreasonable delay in USCIS's adjudication of Thapar's Form I-485.*

The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA "does not provide an independent jurisdictional basis; it only prescribes the standards for reviewing agency action once jurisdiction is otherwise established." *Staacke v. U.S. Secretary of Labor*, 841 F.2d 278, 282 (9th Cir. 1988) (citing *Califano v. Sanders*, 430 U.S. 99, 106–07 (1977)) (holding that the APA "was not intended as an independent jurisdictional foundation")). While § 706 of the APA does "grant[] federal courts the power to 'compel agency action unlawfully withheld or unreasonably delayed,'" that power is limited to "situations where an agency has ignored a specific legislative command." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010) (citations omitted); 5 U.S.C. § 706. Thus, to compel agency action, the plaintiff must demonstrate there was a failure to comply with a legal obligation "so clearly set forth that it could traditionally have been enforced through a writ of mandamus." *Hells Canyon*, 593 F.3d at 932.

To determine if any agency has unreasonably delayed a duty under the APA, courts balance the six *TRAC* factors:

> (1) the time agencies take to make decisions must be governed by a "rule of reason;" (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

4

*Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022) (quoting *Telecomms. Rsch. & Action Ctr. v. FCC.*, 750 F.2d 70, 80 (D.C. Cir. 1984)).

Here, the first factor weighs in favor of dismissal. "What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Gelfer v. Chertoff*, 2007 WL 902382, at *2 (N.D. Cal. Mar. 22, 2007) (citation modified). Here, Thapar filed the I-485 Form in November 2022. Given the nature of immigration proceedings, this period is not necessarily unreasonable. *See, e.g., Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1071–72 (N.D. Cal. 2014) (collecting cases finding delays of four years or less not unreasonable). Thus, in this context, the three-year delay is not unreasonable.

The second factor is neutral because Congress has not provided a timetable or indicated the speed with which it expects USCIS to proceed in the enabling statute. Even assuming that the 180-day benchmark in 8 U.S.C. § 1571 applies to Thapar's Form I-485 application, "courts have consistently treated § 1571(b)'s 180-day benchmark as nonmandatory." *Pimpalkhute v. Edlow*, 2026 WL 1283512, at *6 (W.D. Wash. May 11, 2026).

The third and fifth factors slightly weigh in Thapar's favor. The court recognizes the hardship that Thapar alleges from the uncertainty around his immigration status and ability to work, travel, and plan for the long term. It also recognizes that "[i]mmigration delays can affect important personal and family interests, and those interests are more substantial than purely economic concerns." *Id.* But the prejudice that Thapar alleges is common to most pending immigration applications. He fails to show how the delay has placed him in "immediate legal jeopardy, caused a loss of lawful status, threatened health or safety, or otherwise produced circumstances so severe" that the delay plausibly becomes unreasonable. *Id.*

The fourth factor favors dismissal, as ordering USCIS to adjudicate Thapar's application would affect the adjudication of other pending applications by redirecting the agency's limited resources in a way that prioritizes litigants' applications over others. *See id.*; *see also Da Costa v. Immigr. Inv. Program Office*, 80 F.4th 330, 343 (D.C. Cir. 2023) ("In the absence of plausible

allegations that USCIS is not applying its rule of reason, moving Plaintiffs' petitions to the front of the line would disrupt competing agency priorities with no overall improvement in the USCIS backlog.").

The sixth factor is neutral. "For factor six, the court considers whether there is 'any impropriety lurking behind agency lassitude,' although it need not find any 'in order to hold that agency action is "unreasonably delayed."''' *Da Costa*, 80 F.4th at 345. Thapar has not alleged any impropriety lurking behind agency lassitude, and the court does not find that the agency action has otherwise been unreasonably delayed.

In short, though Thapar has plausibly alleged that USCIS has a nondiscretionary duty to adjudicate his properly filed applications within a reasonable time, he has not plausibly alleged that the delay is unreasonable under *TRAC*. The court therefore dismisses Thapar's APA claim without prejudice. And because Thapar's amended complaint did not restate the mandamus action concerning his Form I-360, that claim is no longer live. Thus, upon entry of this order, Thapar has no pending claims in this action.

## IV.    Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss [ECF No. 15] is GRANTED. The amended complaint is dismissed without prejudice. The Clerk of Court is kindly directed to close this case.

Dated: July 8, 2026

_____
Cristina D. Silva
United States District Judge